UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JERRY E. RAWLS,<br><br>   Plaintiff,<br><br>v.<br><br>WAYPOINT RESOURCE GROUP, LLC,<br><br>   Defendant. | Case No. 1:21-cv-00979 |

## COMPLAINT

**NOW COMES** Jerry E. Rawls ("Plaintiff"), by and through his undersigned attorneys, complaining as to the conduct of Waypoint Resource Group, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

### PARTIES

4. Plaintiff is a natural person, over 18-years-of-age.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. Defendant's principal place of business is located at 301 Sundance Pkwy, Round Rock, TX 78681.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of defaulted debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTS SUPPORTING CAUSES OF ACTION

8. Prior to events giving rise, Plaintiff serviced cable television and rented equipment from Comcast.

9. Plaintiff then decided to cancel his television subscription with Comcast and returned the equipment back to them upon cancelling.

10. Unbeknownst to Plaintiff, Comcast charged Plaintiff for the equipment he rented from them for around $200 ("alleged debt"), even though he returned the equipment upon cancellation.

11. Subsequently, Defendant acquired the right to collect on the alleged debt.

12. In around the beginning of 2021, Plaintiff began receiving collection calls from Defendant attempting to collect on the alleged Comcast debt for equipment Defendant alleges was never returned to Comcast.

13. Plaintiff told Defendant that he does not owe the debt they are collecting on as he returned the equipment back to Comcast when he cancelled service with them.

14. Despite being aware that Plaintiff does not owe the debt, and that the equipment was returned to Comcast, Defendant continued to place collection calls to Plaintiff's cellular phone number (406) XXX-3389, in an attempt to collect on the alleged debt.

15. Plaintiff was the sole subscriber, owner, possessor, and operator of the telephone ending in 3389.

16. In several calls Plaintiff answered, Plaintiff told Defendant that he does not owe the debt because he returned the equipment back to Comcast and to stop calling him as he would no longer like to be contacted by Defendant.

17. Plaintiff's demand that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign, calling Plaintiff's phone number on back-to-back days.

18. As of today, Defendant continues to call Plaintiff's cellular phone with the hopes of provoking Plaintiff into making a payment for a debt he does not owe.

19. In total, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's telephone from the beginning of 2021 through the present day, sometimes with multiple calls taking place in one day.

20. The entire experience imposed upon Plaintiff has created significant distrust, frustration, distress, and has rendered Plaintiff helpless as he continues to receive collection calls to his cellular phone for a debt he does not owe.

### DAMAGES

21. Defendant's actions of misleading the character and legal status of the alleged debt has severely disrupted his daily life and general well-being.

22. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription

services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his telephone as a result of increased usage of his telephone services.

23. Plaintiff has expended time and money consulting with attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

24. Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

27. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

28. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

29. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

30. Defendant used the phone to attempt to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

31. Defendant's communications to Plaintiff were made in connection with the collection of the alleged debt.

32. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(2), e(10) and f through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

### a. Violations of FDCPA § 1692c

33. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's phone over and over after he demanded that Defendant cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into making a payment on the alleged debt he does not owe.

34. Furthermore, the immense volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him into making a payment.

35. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

### b. Violations of FDCPA § 1692d

36. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the alleged debt. Moreover, Defendant continued placing the relentless calls after Plaintiff put Defendant on notice that its calls were not welcome on numerous occasions.

37. Defendant violated §1692d(5) by causing Plaintiff's phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the alleged debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant that he does not owe the debt because the equipment was returned to Comcast and that its calls were no longer welcome. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone from the beginning of 2021, through the present day.

### c. Violations of FDCPA § 1692e

38. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to alleged debt after Plaintiff told Defendant that he does not owe the debt as he returned the Comcast equipment back to Comcast upon cancelling him subscription. Yet Defendant continued to try and collect on the alleged debt by insisting Plaintiff is obligated to pay the alleged debt he does not owe.

39. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged debt. Defendant attempted to collect on an alleged debt not owed by Plaintiff despite Plaintiff returning the equipment back to Comcast upon cancelling his subscription. Defendant knew Plaintiff did not owe the alleged debt yet continued placing collection called to Plaintiff's phone without properly investigating the legal status and character of the alleged debt.

40. Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying an alleged debt he does not owe. To secure payment of the alleged debt, Defendant led Plaintiff to believe that he owed the alleged debt by continually calling his cellular phone seeking immediate payment.

41. As an experienced debt collector, Defendant knew or should have known the ramifications of using deceptive and misleading means to attempt to collect a debt not owed by the consumer.

### d. Violations of FDCPA § 1692f

42. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after Plaintiff requested that the calls stop. By placing voluminous phone calls after becoming privy to the fact that its collection calls were not welcome

is unfair and unconscionable behavior. These means employed by Defendant only served to worry and harass Plaintiff.

43. Moreover, Defendant violated §1692f by attempting to collect on a debt not owed by Plaintiff. Even after being informed that Plaintiff returned the equipment back to Comcast, Defendant continued to collect on the alleged debt by calling Plaintiff at a harassing rate.

44. Defendant violated §1692f(1) when it attempted to collect on a debt not permitted by law. Defendant attempted to collect on a debt that was not owed by Plaintiff as he had returned the equipment used for his service to Comcast. At no point did Defendant have the legal right to collect on the alleged debt as Plaintiff was never obligated to pay for the equipment that he returned to Comcast.

45. Even after being put on notice that Plaintiff does not owe the alleged debt, Defendant did not correct its improper handling of the account and continued attempt to collect on the alleged debt. These means employed by Defendant only served to worry and confuse Plaintiff.

46. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls on a debt not owed by a consumer.

47. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

48. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, JERRY E. RAWLS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: October 29, 2021

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Federal I.D. No. 3098183
Counsel for Plaintiff
Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com